IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Mag. No. 24-623 |
| | ) | |
| JOSHUA LEE ATWOOD | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S DETENTION BRIEF**

The United States of America, through undersigned counsel, hereby submits this response to the defendant's brief filed today at Doc. No. 9 ("Brief").   The government will address the Bail Reform Act factors at the hearing tomorrow and will present evidence that the defendant is a danger to the community and a flight risk and should be detained.   The government files this response to address the defendant's cited case law.

All the cases cited by the defendant are readily distinguishable.

In *United States v. Michael Foy* (21-cr-108), the defendant was a former United States marine, had zero prior criminal history, and had a long history of law-abiding behavior.   Even in *Foy*, the defendant was placed on home detention (not unsecured release).   Here, the defendant engaged in a violent assault just last year (charges pending) and has multiple convictions for disorderly conduct and recklessly endangering another person.

In *United States v. Robert Sanford* (21-cr-52), the defendant did not enter the Capitol, he was not at the Tunnel, and there was only one instance of throwing a fire extinguisher.   The defendant also was placed on home detention.   Here, the defendant armed himself with multiple weapons and assaulted multiple officers, and later entered the Capitol building.

In *United States v. David Blair* (21-cr-86), it does not appear that the government sought detention at all, and the defendant used only one weapon.

In *United States v. Federico Klein* (21-cr-236), the defendant was a former United States Department employee with no prior convictions and the only allegation of a weapon was his use of a riot shield to push against officers (unlike defendant Atwood who used multiple weapons).   Klein was also seen allegedly helping a fallen officer in the mob outside the Tunnel get back into the police line.   Klein also did not verbally abuse officers, unlike Atwood.

In *United States v. David Judd* (21-cr-40), there was only one weapon alleged and the government conceded that the defendant's limited prior contacts with law enforcement and steady housing and community connections weighed in favor of release. The defendant was placed on location monitoring/home detention.

Other cases not cited by the defense highlight why Atwood should be detained.   In *United States v. Krol*, 642 F. Supp. 3d 28, 36 (D.D.C. 2022), the court explained that there are

> six considerations for assessing the relative severity of a Capitol rioter's conduct [that] provide a helpful framework for the Court's analysis of this first factor.   Those considerations include whether a defendant: (1) "has been charged with felony or misdemeanor offenses," (2) "engaged in prior planning before arriving at the Capitol," (3) carried or used a dangerous weapon during the riot, (4) "coordinat[ed] with other participants before, during, or after the riot," or (5) "assumed either a formal or a de facto leadership role in the assault by encouraging other rioters' misconduct," and (6) the nature of the "defendant's words and movements during the riot," including whether he "threatened or confronted federal officials or law enforcement."

(citations omitted).   The court held that Krol's alleged "willingness to strip a vulnerable law enforcement officer of his weapon" and his use of it in assaulting others "speak[ ] to the gravity of the offenses with which he has been charged as well as the danger he poses not just to his community, but to the American public as a whole."   *Id.* at 37.

In *United* States *v. Munchel*, 991 F.3d 1273, 1284 (D.C. Cir.), *judgment entered*, 844 F. App'x 373 (D.C. Cir. 2021), the court held:

In our view, those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way. . . . As the government describes in depth, McHugh is charged with multiple violent felonies, including assaults on law enforcement; the weight of the evidence is strong (there is video evidence of his violent and disruptive behavior); and he "has a remarkably long and disturbing criminal history" including offenses that "occurred while he was on probation and being supervised." Opp'n to Mot. for Release at 5–11.   Those factors continue to weigh heavily in favor of pretrial detention.


Respectfully submitted,

ERIC G. OLSHAN
Acting United States Attorney

*s/Nicole Vasquez Schmitt*
NICOLE VASQUEZ SCHMITT
Assistant U.S. Attorney
PA ID No. 320316

3